IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LINDA M. FRAZIER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:06cv1156-TFM |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Following administrative denial of her application for disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401 *et seq.*, and supplemental security income benefits under Title XVI of the Act, 42 U.S.C. §§ 1381 *et seq*, Linda M. Frazier ("Frazier") received a requested hearing before an administrative law judge ("ALJ") who rendered an unfavorable decision.  When the Appeals Council rejected review, the ALJ's decision became the final decision of the Commissioner of Social Security ("Commissioner"). Judicial review proceeds pursuant to 42 U.S.C. §§ 405(g) , 1383(c)(3), and 28 U.S.C. § 636 (c), and for reasons herein explained,  the court AFFIRMS THE COMMISSIONER'S decision.

**I.   STANDARD OF REVIEW**

Judicial review of the Commissioner's decision to deny benefits is limited.   The court cannot conduct a *de novo* review or substitute its own judgment for that of the Commissioner. *Walden v. Schweiker*, 672 F.2d 835 (11th Cir. 1982). This court must find the

Commissioner's decision conclusive "if it is supported by substantial evidence and the correct legal standards were applied." *Kelley v. Apfel*, 185 F. 3d 1211, 1213 (11th Cir. 1999), citing *Graham v. Apfel*, 129 F. 3d 1420, 1422 (11th Cir. 1997).

Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

If the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the court would have reached a contrary result as finder of fact, and even if the court finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560.

The district court will reverse a Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 1066 (11th Cir. 1994).

## II.   ADMINISTRATIVE FINDINGS

Frazier, age 47 at the time of the hearing, has a high school education, with additional

training in medical records from a technical college. Frazier's past work experience includes employment as a cashier, receptionist, medical clerk, medical secretary, fast food worker, nursing assistant, hand packer, and document preparer. She has engaged in substantial gainful work activity since the alleged onset date of February 1, 2003. Her disability application documents cite gout, bad knees, arthritis, low back pain, anemia, high blood pressure, and hypothyroidism as the reasons for her disability. The ALJ found Frazier was severely impaired by Grave's Disease, hypertension, degenerative joint disease/osteoarthritis, obesity, and recurrent, mild major depressive disorder. The ALJ also found two nonsevere impairments of history of anemia and history of uterine fibroids. The ALJ concluded Frazier did not have any impairment or combination of impairments that meet or equal in severity any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.

The ALJ found Frazier's subjective allegations of pain and functional limitations were not totally credible, and inconsistent with her reported activities. He found she retained the residual functional capacity ("RFC") to perform the physical exertional and nonexertional requirements of medium work with specified limitations. The ALJ determined Frazier could perform her past relevant work as a receptionist, medical clerk and medical secretary. Accordingly, the ALJ concluded Frazier is not disabled.[1] Despite the ALJ's finding on non-disability at step four of the sequential evaluation, he chose to proceed to step five of the

---

[1] R. at 32-33. The ALJ's disability analysis followed the five-step sequential evaluation process set forth in 20 C.F.R. §404.1520 and summarized in *Phillips v. Barnhart*, 357 F. 3d 1232 (11th Cir. 2004).

disability analysis. The ALJ consulted a vocational expert to determine a person of Frazier's age, education, past relevant work experience, and residual functional capacity was not disabled, but was in fact able to perform work as an order clerk, surveillance system monitor, or telemarketer.

### III.  ISSUE

Frazier specifies a single issue for judicial review:[2]

1. Whether the Commissioner erred by failing to properly evaluate and determine if Frazier's impairments met the listing at 20 C.F.R. 404 Subpart P § 12.05 C.

### IV.  DISCUSSION

**The ALJ did not err in finding Frazier's impairments failed to meet the criteria of 20 C.F.R. 404 Subpart P §12.05 C.**

Frazier argues the ALJ erred in his determination because he failed to properly evaluate and discuss whether her impairments met the listing at 20 C.F.R. 404 Subpart P §12.05(C). She alleges her IQ score of 69, in combination with her physical impairments, imposes "an additional and significant work-related limitation of function" which qualifies her as disabled under that regulation. *See* 20 C.F.R. 404 Subpart P §12.05(C). The Commissioner responds Frazier did not prove her disability because the record in her case does not display the required deficit in adaptive functioning specified within the full text of

---

[2] *See* Plaintiff's Brief ("Pl. Br.") at 1 (Doc. #12, filed April 28, 2007) *and* Order filed January 16, 2007 (Doc. #3) (directing Plaintiff to a brief in support of her claim(s) and to include in her brief a section titled "Statement of the Issues" which "shall state in a concise, and specific manner each issue which the plaintiff presents to the court for resolution").

§12.05.

Frazier testified about her education and work history during the administrative hearing. In addition to completing high school, Frazier has a degree in medical records from a technical college.[3] At the time of the hearing, she was employed part-time as a microfilm clerk, while her past relevant work included telephonic political polling, factory assembly work, secretary, patient care technician, cashier, and fast food worker.[4] Frazier cited her thyroid disorder as the reason she was unable to work, and told the ALJ the disorder affected every organ in her body.[5] Her testimony also noted pain in her knees, back, and hands due to arthritis, stress in a group of 50 or more people, and inability to deal with strangers.[6] Frazier said her pain medication induced drowsiness and interfered with her work.[7] She cited her knees, thyroid symptoms, and pain with excessive bleeding due to fibroid tumors as the most common reasons she missed work.[8] Frazier told the ALJ she had not been treated for a mental problem, but later relayed the lack of insurance coverage prevented her from seeking treatment for childhood and domestic abuse.[9] Frazier's activities include caring for

---

[3] R. at 274.

[4] R. at 274-75, 276-279.

[5] R. at 280.

[6] R. at 281-85.

[7] R. at 294-94.

[8] R. at 295.

[9] R. at 285, 300-01.

her personal needs, cooking, laundry, watching television, and shopping.[10] She also attends church and Bible study on a regular basis.[11]

Dr. Marnie Smith Dillon, a licensed clinical psychologist, evaluated Frazier and administered the Wechsler Adult Intelligence Scale.[12] The ALJ noted Frazier's intelligence scores of Verbal IQ (83), Performance IQ (69), and Full Scale IQ (75).[13] Dr. Dillon found Frazier was moderately impaired in her ability to function in a work setting, and considered the scores valid due to Frazier's best efforts during the evaluation.[14] Dr. Dillon assessed Frazier as having borderline mental functioning.[15] Nancy Sack, Ph.D., testified her review of the medical evidence led her to conclude Frazier's verbal score of 83 placed her within the low average range of intellectual functioning.[16] Dr. Sack also opined Frazier did not function in the mentally retarded range due to her adaptive functioning. Dr. Sack supported this opinion by citing Frazier's work history, activities of daily living, and her ability to shop, drive, and read.[17] Dr. Sack likened Frazier's mental limitations to a learning disability, more

---

[10] R. at 287-88.

[11] R. at 288.

[12] R. at 210-14.

[13] R. at 21, 213-14.

[14] R. at 22, 214.

[15] R. at 22, 210, 213.

[16] R. at 23, 305.

[17] R. at 23, 305, 309.

so than mental retardation, but acknowledged that, if adaptive functioning were ignored, her IQ score of 69 would categorize her as "retarded" under § 12.05.[18]  Under questioning by Frazier's attorney, Dr. Sack again emphasized how Frazier's adaptive functioning placed her above the range of functioning described in § 12.05.[19]  The ALJ also clarified for the record that the text in the first paragraph of § 12.05 (referencing deficits in adaptive functioning) must be satisfied first before evaluation under the listed paragraphs could begin.[20]  The importance of adaptive functioning was also used by Dr. Sack to defend her opinion regarding Frazier.[21]

The ALJ gave significant weight to Dr. Dillon's opinion regarding Frazier's mental functional abilities.[22]  In discussing Frazier's IQ scores with regard to § 12.05, the ALJ noted Dr. Dillon evaluated her as having borderline intellectual functioning, rather than mental retardation.[23]  The ALJ also cited Dr. Sack's extensive testimony that Frazier was not mentally retarded due to her "higher adaptive functioning, evidenced by her education, work, and activities of daily living."[24]  Further support for this conclusion was noted by the ALJ,

---

[18] R. at 23, 306.

[19] R. at 23, 308-09, 310-11.

[20] R. at 308.

[21] R. at 311-12.

[22] R. at 29.

[23] R. at 24.

[24] R. at 24.

including Frazier's placement in regular classes during high school, degree in medical records, past employment in skill and semi-skilled jobs, and participation in age-appropriate, independent, daily activities.[25]

The provision at issue in this appeal states "[M]ental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period . . . ." 20 C.F.R. 404 Subpart P § 12.05. The regulation continues by setting out four sets of alternative criteria, each of which qualify an applicant for a finding of disability. Subparagraph C states "[A] valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation or function." 20 C.F.R. 404 Subpart P § 12.05(C). The Eleventh Circuit has stated

> Generally, a claimant meets the criteria for presumptive disability under section 12.05(C) when the claimant presents a valid I.Q. score of 60 to 70 inclusive, and evidence of an additional mental or physical impairment that has more than "minimal effect" on the claimant's ability to perform basic work activities. This court, however, has recognized that a valid I.Q. score need not be conclusive of mental retardation where the I.Q. score is inconsistent with other evidence in the record on the claimant's daily activities and behavior.

*Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (internal citation omitted).

The ALJ did not err by finding Frazier did not meet the criteria in § 12.05(C). The hearing transcript demonstrates his awareness of the proper interpretation of § 12.05(C), as

---

[25] R. at 24.

8

he reminded counsel that the full text of the regulation must be met, in addition to the criteria in paragraphs A-D.[26] This is the correct construction of § 12.05, under which "a claimant must at least (1) have significantly subaverage general intellectual functioning; (2) have deficits in adaptive behavior; and (3) have manifested deficits in adaptive behavior before age 22." *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997); *see also Sellers v. Barnhart* , 246 F.Supp.2d 1201, 1207 (M.D. Ala. 2002) (holding a claimant must demonstrate "deficits in adaptive behavior" under § 12.05). Dr. Sack's testimony repeatedly cited Frazier's records to show she did not display "deficits in adaptive functioning" required under the regulation.[27] Dr. Sack's opinion was appropriately noted in the ALJ's discussion of Frazier's failure to qualify as retarded under § 12.05(C).

Frazier challenges the ALJ's acceptance of Dr. Dillon's opinion despite his finding of non-disability. The explanation for this is simple - Dr. Dillon was not required to analyze Frazier's activities under the applicable regulations. The ALJ was required to consider a claimant's activities when interpreting § 12.05(C). *Lowery*, 979 F.2d at 837. This court has followed the Eleventh Circuit and recognized the importance of work history and activities when applying § 12.05(C). *See Whetstone v. Barnhart*, 263 F.Supp.2d 1318, 1325-26 (M.D. Ala. 2003). The ALJ's determination that Frazier was able to perform past relevant work or other occupations stands on even firmer ground when one considers that, whatever limitations her mental functioning may impose, they were no impediment during her previous

---

[26]R. at 308.

[27]R. at 305-06, 308-12.

employment in skilled and semi-skilled occupations. Her work history and higher adaptive functioning provided firm support for the ALJ's decision under the caselaw of this circuit.

The ALJ's determination in Frazier's case is supported by substantial evidence, and this court finds no error in the ALJ's decision.

## V.  CONCLUSION

Pursuant to the findings and conclusions detailed in this *Memorandum Opinion*, the court concludes that the ALJ's non-disability determination is supported by substantial evidence and proper application of the law.  It is, therefore, **ORDERED** that the decision of the Commissioner is **AFFIRMED.**   A separate judgment is entered herewith.

Done this 2nd day of August, 2007.

       /s/Terry F. Moorer
       TERRY F. MOORER
       UNITED STATES MAGISTRATE JUDGE